UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FLOYD RUFFIN | * | CIVIL ACTION |
| VERSUS | * | NO. 20-334 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | * | SECTION "B" (2) |
| | | Related to: 12-968 BELO in MDL No. 2179 |

## ORDER AND REASONS

Plaintiff Floyd Ruffin's Motion to Quash subpoena duces tecum issued to Natalie Perlin, PhD and Clair Paris, PhD (ECF No. 40) is pending before me in this matter. Defendants ABP Exploration & Production, Inc. and BP America Production Company filed a timely Opposition Memorandum and a supplemental notice of authority. ECF Nos. 41; 43. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion is DENIED for the reasons stated herein.

## I.     BACKGROUND

Plaintiff filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") on January 19, 2020. *See* ECF No. 1. Plaintiff alleges that he suffered injuries as a result of exposure (through inhalation, airborne and direct contact) to oil, dispersants, and other harmful chemicals. *Id.* ¶ 24. Plaintiff contends the exposure led to his Prostatic Adenocarcinoma, and seeks damages for pain and suffering, mental anguish, medical expenses, lost earnings, loss of earning capacity, other economic loss, loss of enjoyment of life and fear of future medical issues. *Id.* ¶¶ 26; 32. Plaintiff claims to have satisfied all pre-suit conditions precedent required by the MSA. *Id.* ¶¶ 27–29.

1

Plaintiff intends to offer expert testimony of Dr. Perlin and Dr. Paris, whom he contends are experts in oil particle modeling, oil fate and transport, and the dispersion of biotic and abiotic matter in marine ecosystems, to explain how and when hazardous toxicants were at the sites where Plaintiff worked. ECF No. 40-1, at 2. Defendants issued a subpoena duces tecum to Dr. Perlin and Dr. Paris, which Plaintiff contends "goes overboard." *Id.* at 5; ECF No. 40-2. Plaintiff argues that only the inputs and outputs of the computer model should be produced, not the "source code," and both the source code and the Connectivity Modeling System ("CMS") modeling program developed by Dr. Perlin, Dr. Paris and other University of Miami colleagues and sought through the subpoena are proprietary trade secrets that do not need to be disclosed in this action. ECF No. 40-1, at 6–8.

Defendants oppose the motion, arguing that the discovery sought is necessary for them to understand the experts' methodology of their model, which results are "astonishingly" different results from the actual water samples collected. ECF No. 41, at 2. Without this information, Defendants argue, they would be unable to effectively conduct a true *Daubert* inquiry. *Id.* at 2, 6–8. Additionally, Defendants contend that Plaintiff has not established "good cause" as required by either Rule 26 or Rule 45. BP contends that it has offered to enter into a protective order regarding the information and that Plaintiff has failed to establish that the information sought constitutes a trade secret or confidential research. *Id.* at 4–5. Additionally, Plaintiff lacks standing to quash the subpoenas duces tecum. *Id.* at 8–9.

## II.   APPLICABLE LAW

### A. The Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C)(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[2] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[3] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[4] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[5] If relevance is in doubt, the court should be permissive in allowing discovery.[6]

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Id.* n.5 (citation and quotations omitted).
[3] *Id.*
[4] *Id.* at 590 (citations omitted).
[5] *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[6] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

B. **Motion to Quash and Standing**

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[7] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[8]

The person filing the motion to quash has the burden of proof to demonstrate that compliance would impose undue burden or expense.[9] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[10] "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[11]

A *party*, however, may not seek to quash a subpoena directed to a third party when the party is not in possession of the materials subpoenaed and does not allege any personal right or privilege with respect to the materials subpoenaed because the party lacks standing.[12] A party who

---

[7] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (citations omitted), *aff'd,* 209 F.3d 719 (5th Cir. 2000).
[8] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing Fed. R. Civ. P. 45(d)(3); 26(c)(1)(D)).
[9] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citations omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).
[10] *Wiwa*, 392 F.3d at 818 (internal citations omitted).
[11] *Id.* (citation omitted).
[12] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued;

lacks standing under Rule 45 does have standing to seek relief under Rule 26(c).[13]

### C. **Protective Order**

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[14] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[15] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[16]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only

---

or have a personal right or privilege in the subject matter of the subpoena.") (citation omitted); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *see also Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-4371, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents); *Guzman v. Latin Am. Ent., LLC*, No. 6:13-CV-41, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014) (Costa, J.) (citing *U.S. Bank Nat. Ass'n v. James*, 264 F.R.D. 17, 18–19 (D. Maine 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.")); *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("As an initial matter, it should be noted that a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.").
[13] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.") (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).
[14] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).
[15] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[16] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).

a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). A district court may exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[17] The trial court enjoys wide discretion in setting the parameters of a protective order.[18]

### III.   ANALYSIS

The information sought by Defendants' subpoenas duces tecum is relevant and necessary for a proper *Daubert* analysis. The cases cited by Plaintiff in support of his standing argument are inapposite. *See* ECF No. 40-1, at 10–11. Unlike *Valdez v. Mears Group Inc.*, No. 18-01306, 2019 WL 6829471, at *3 (W.D. La. Dec. 12, 2019), the "source code" and modeling information sought does not reflect information in which Plaintiff has a personal right or privilege, such as personal medical information. Likewise, that information was neither sent by nor for Plaintiff, as in *Marquette Transportation Co. Gulf-Island, LLC v. M/V Chembulk Westport*, No. 13-6216, 2016 WL 659083, at *3 (E.D. La. Feb. 18, 2016). Thus, Plaintiff lacks standing to urge the motion to quash either on behalf of the two experts or the University of Miami, as Chief Magistrate Judge North and Magistrate Judge van Meeerveld recently recognized in similar cases.[19]

Assuming that the information sought would qualify as a trade secret or confidential research despite Plaintiff's failure to make the particularized showing required, the entry of a protective order would adequately protect the experts and their information or research. The parties and Plaintiff's experts shall meet in good faith to negotiate a protective order that limits the use and disclosure of trade secrets and proprietary information. They shall present their agreed

---

[17] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[18] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[19] *See Johnson v. BP Expl. & Prod., Inc.*, No. 20-1329 (E.D. La. Aug. 25, 2021); *Osmer v. BP Expl. & Prod., Inc.*, No. 19-10331 (E.D. La. Sept. 2, 2021).

document via Joint Motion for Entry of Protective Order. If the parties are unable to agree on a Protective Order, they may contact Chambers to request a status conference.

## IV.    **CONCLUSION**

Plaintiff seeks to quash Defendants' subpoenas duces tecum issued to Plaintiff's two experts. The information sought is relevant under *Daubert*, and Plaintiff lacks standing to quash the subpoenas duces tecum. Plaintiff's conclusory assertions of confidential research and trade secrets do not satisfy its burden to provide a "particular and specific demonstration of fact" to justify the conclusion that the information must be protected as trade secret or confidential research. Even if Plaintiff had, however, a protective order adequately addresses those concerns.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Quash (ECF No. 40) be DENIED.

New Orleans, Louisiana, this 7th day of September, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE