**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| FLOYD RUFFIN, | * | CIVIL ACTION |
| | * | |
| PLAINTIFF, | * | |
| | * | NO. 20-334 |
| VERSUS | * | |
| | * | |
| BP EXPLORATION & PRODUCTION | * | JUDGE LEMELLE |
| INC. AND BP AMERICA | * | |
| PRODUCTION COMPANY, | * | MAGISTRATE |
| | * | JUDGE CURRAULT |
| DEFENDANTS. | * | |
| | * | |
| Related to:   12-968 BELO | * | |
| in MDL No. 2179 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' SUPPLEMENTAL PLEADING ON CAUSATION

BP Exploration & Production Inc. and BP America Production Company ("Defendants") provide this supplemental pleading on causation in accordance with this Court's order.  R. Doc. 157 at 2.  This pleading does not repeat arguments previously briefed, but instead sets forth two points, both of which address Mr. Ruffin's representations concerning Dr. Clark and the applicable legal standard.

First, Dr. Clark has appeared in several prior BELO cases and has always disclaimed being a causation expert or purporting to offer causation opinions.  As recently as September 6, 2023, BP deposed Dr. Clark (in another BELO case), and Dr. Clark had no idea that Mr. Ruffin or his counsel had been representing him as a causation expert in the *Ruffin* case.  Beyond being inconsistent with Dr. Clark's own testimony and history, this Court should not consider Plaintiff's argument about Dr. Clark in a vacuum because it is part of a larger pattern in this BELO litigation.

1

Second, despite Mr. Ruffin's current position as to the legal standard that governs causation, his counsel previously represented to this Court that the Fifth Circuit's *McGill* standard applies in BELO cases.

I.  **Dr. Clark has appeared in prior BELO cases and has always disclaimed being a causation expert or purporting to offer causation opinions.**

A.  **Plaintiff's counsel has never treated Dr. Clark as a causation expert in any prior BELO case.**

Ruffin's counsel have used Dr. Clark as an expert in other BELO cases. Yet whenever BP has filed a *Daubert* motion against Dr. Clark, they have either withdrawn Dr. Clark as an expert or failed to make the argument that Dr. Clark is a causation expert. For example, Plaintiff's counsel withdrew him after BP filed a *Daubert* motion against him in *Johnson v. BP Expl. & Prod.* (E.D. La. 2021) (Ashe, J.).[1] More recently, in a case in the Southern District of Mississippi, Plaintiffs' counsel did not withdraw Dr. Clark, but the Court found BP's *Daubert* motion as to Dr. Clark moot because Clark does not address causation. *Dufour v. BP Expl. & Prod.*, 2023 WL 3807923 (S.D. Miss. June 2, 2023).

While BP previously has challenged Dr. Clark's application of risk assessment, not one of BP's prior *Daubert* motions against Dr. Clark involved causation. That is because Dr. Clark is not and has not ever been offered as a causation expert. Take for example Dr. Clark's admissions in

---

[1]  Plaintiff's counsel also withdrew Dr. Clark during oral argument in the Florida bellwether cases. *See* R. Doc. 137-4, Transcript of Oral Argument, *In re Deepwater Horizon BELO Cases*, No. 3:19cv963 (N.D. Fla. Nov. 17, 2022). Plaintiff's counsel said they had retained Clark for the general causation bellwether under the belief that general causation opinions needed to incorporate information on an exposure dose specific to the plaintiff. But they withdrew Clark under "the rationale that no *Deepwater Horizon* exposure data is relevant to a general causation hearing." *Id.* at 327:6-12. Plaintiff said Clark performed "a retrospective dose calculation," *i.e.*, calculating the dose of exposure specific to the plaintiffs. *Id.* at 327:15-16.

deposition in these *Deepwater Horizon* cases (at the time, pending before Judge Ashe) and denial that he offers any causative opinions:

> Q. So we're not dealing with causation. We're dealing with increased risk of disease, basically is what we're talking about, for the purposes of your report?
>
> A. Correct.
>
> Q. Not a specific disease and not a specific cause; right?
>
> A. Correct.
>
> Q. And because you weren't doing a causal analysis, there was no need for you to evaluated the study findings in the context of relative exposure levels of the study populations; right?
>
> A. Correct.[2]

Dr. Clark offers the very same opinions here that he intended to offer in the *Johnson* case before his withdrawal: that each plaintiff "increased his risk for developing adverse health outcomes" and the development of the condition at issue was "consistent with prior exposure to the COCs released by the BP Oil Spill."[3]  Dr. Clark expressly testified that he was not offering causation opinions, and therefore there was no need for BP to challenge Dr. Clark's report based on the Fifth Circuit's standards for causation.   As an additional reason, Dr. Clark has also testified that his risk assessment methodology (the same EPA Superfund methodology – called "RAGS" – which  he used in Mr. Ruffin's case) is not a causation methodology:

> Q. But you would agree that the risk assessment framework, under the RAGS, and the corresponding exposure assessment, that was not designed or intended by EPA to evaluate or determine whether some individual's prior chemical exposure was responsible for causing

---

[2]    *See* Deposition of Dr. James Clark in *Charles Johnson v. BP Expl. & Prod.*, (E. D. La. Nov. 10, 2021) at 183:11-23, attached hereto as Exhibit A.

[3]    *Compare* Dr. Clark's expert report in this case (R. Doc. 137-3 at 8) to Dr. Clark's report in *Charles Johnson* (No. 20-1329, R. Doc. 44-3 at 7), attached hereto as Exhibit B.

that individual to develop a particular disease or medical condition.
That's not the purpose?

A.  That not what they state it's for.  The method for quantifying the dose is important in consideration of disease later on.[4]

Dr. Clark's own testimony indicates that neither he nor his "methodology" was or is a surrogate for a causation analysis.

Dr. Clark's report for Ruffin does not deviate from the prior cases.  While Mr. Ruffin claims that Dr. Clark did a fulsome literature review, his report speaks for itself.  It only contains one sentence regarding the prostate cancer literature (which only discussed risk factors).[5] Furthermore, Dr. Clark openly testified that he did not do a critical analysis of the literature (and said he would have done so if he was providing a specific causation opinion).[6]  This is not the testimony of an expert who intends to offer an opinion on causation.

### B. Dr. Clark had no idea that Plaintiff's counsel later characterized him as a causation expert before this Court.

On September 6, BP deposed Dr. Clark in *Williams v. BP Expl. & Prod.*, No. 22-278 (S.D. Miss.), another BELO case pending in Mississippi.  BP offered Dr. Clark the opportunity to address whether he is a causation expert head on, but he refused.  When Dr. Clark learned that Plaintiffs' counsel had represented that he was serving as a causation expert in Mr. Ruffin's case, Dr. Clark admitted that he was unaware of this development and failed to support the representation that he was a causation expert.  Instead, this news took Dr. Clark by surprise, and

---

[4] *See* Deposition of Dr. James Clark in *In re Deepwater Horizon BELO Cases*, No. 3:19cv963 (N.D. Fl. Dec. 9, 2021) at 94:6-95:11, attached hereto as Exhibit C.

[5] *See* Dr. Clark's *Ruffin* Report, R. Doc. 137-3 at 32 ("Identifiable risk factors for the development of prostate cancer include (in no particular order), age and ethnicity, family history of prostate cancer, diet, obesity, sexual behavior and sexually transmitted diseases, and occupation.").

[6] *See* Dr. Clark's *Ruffin* Deposition, R. Doc 137-1 at 141:7-142:15.

he said it was "coming out of the left field."[7]  He outright declined to address the issue without

consulting with Plaintiff's counsel first.  Most compelling, however, is the admission from Dr.

Clark that he would need to supplement his report before it could serve as a causation report.  This

is not the response of an expert who was "always" a causation expert; this is the response of an

expert who has previously testified under oath that he is not a causation expert and has been caught

off guard by Plaintiff's counsel's latest representation.

### C.  Plaintiff's representations are part of a pattern in this BELO litigation.

The Court should not consider Plaintiff's characterization of Dr. Clark in a vacuum because

it is part of a larger pattern.  As noted in BP's supplemental reply (R. Doc. 153), one federal judge

recently called Mr. Ruffin's use of her order in briefing before this Court "objectively

unreasonable."[8]  In another order issued just days ago (September 14), the same Florida court

attributed these tactics to the BELO plaintiffs' lack of causation evidence:

> **Faced with the real possibility that the science simply does not
> support their theory of causation, Plaintiff's counsel wants to
> pursue a different theory**—that the only reason the science is not
> there is because BP is the man behind the curtain manipulating and
> controlling every piece of data that was collected after the
> *Deepwater Horizon* oil spill occurred… **Plaintiff's counsel,
> however, has failed to support that theory with anything more
> than conjecture, and, instead, in their attempts to "look under
> the hood," has taken a "scorched earth" approach to discovery,**

---

[7]    *See* R. Doc. 154-3, Transcript of Dr. Clark's Deposition in *Williams v. BP Expl. & Prod.*, No. 22-278 (S.D. Miss.).

[8]    Mr. Ruffin represented to this Court that a federal court in Florida issued an order "essentially agreeing that the primary purpose" of the DWH monitoring and sampling program was "in anticipation of litigation."  *See* Ruffin's Exposure Motion, R. Doc. 101-1 at 19.  When presented with the opportunity to clarify her order, the Florida court described counsel's portrayal "objectively unreasonable." *Frassetti v. BP*, 21-551, R. Doc. 90 at 7 (N.D. Fl. Sept. 6, 2023).

> **seemingly aimed at derailing or, at a minimum, extending the life of these cases.**[9]

The Eastern District also has commented negatively on litigation tactics employed by Ruffin's counsel.  In a case called *Smith v. BP Expl. & Prod.*, these counsel sought to recuse Judge Vitter by alleging that her husband is biased in favor of oil and gas companies, <u>after</u> Judge Vitter granted summary judgment for lack of causation evidence in other DWH cases before her.  That tactic led Judge Vitter to observe:

> [C]oming on the heels of the undersigned's recent rulings granting summary judgment in favor of BP, Smith's Motion to Disqualify appears to be **an attempt to manipulate the integrity of the judicial system**.

*Smith v. BP Expl. & Prod.*, No. 22-842, 2022 WL 17403568, at *5 (E.D. La. Dec. 2, 2022) (Vitter, J.) (emphasis added).

Plaintiff's counsel seem to be using similar tactics here.  They have represented that Dr. Clark has always been a causation expert in this case, but that representation is simply untrue.  The Court should see Plaintiff's argument for what it is, another "attempt to manipulate the integrity of the judicial system."

## II.  <u>Plaintiff's counsel previously acknowledged that the Fifth Circuit's *McGill* standard applies in BELO cases.</u>

Despite well-established Fifth Circuit and EDLA jurisprudence establishing the legal standard in this BELO toxic tort case, Plaintiff now contends that a different causation standard should apply.  Plaintiff has made no effort to demonstrate that either the Jones Act or FELA apply

---

[9]   *In re Deepwater Horizon BELO cases*, R. Doc. 58 at 3 (N.D. Fl. Sept. 14, 2023) (emphasis added), attached hereto as Exhibit D.  The court also noted: "According to BP, Plaintiff's counsel has filed 960 BELO cases since 2014, 895 of which have been dismissed, and none in which he has been able to establish general or specific causation."  *Id.* at n. 6.

to Mr. Ruffin, let alone shown that there was any employment relationship between Ruffin and

BP.  While BP has disputed the merits of that argument in its prior briefing, it is worth pointing

out that this new argument contradicts prior concessions by Ruffin's counsel that the Fifth Circuit

has identified the causation standard applicable in these BELO cases.  In *Osmer v. BP Expl. &*

*Prod.*, a case before your Honor, the plaintiff (represented by these counsel) told this Court:

> The Fifth Circuit recently confirmed the evidentiary burden on
> plaintiffs in BELO cases regarding exposure and opined that the
> reliance on purely medical opinions to establish causation, without
> expert opinion testimony concerning the extent of the harmful level
> of exposure to COREXIT and oil, would not be sufficient to
> withstand summary judgment. This was the same conclusion
> reached by Judge Rodgers in the Northern District of Florida in
> granting summary judgment against numerous bellwether (sic)
> plaintiffs on general causation.

*Osmer v. BP Expl. & Prod.*, No. 19-10331, R. Doc. 40 at 5 (citing *McGill*).  Acknowledging this

standard for causation in toxic tort cases, counsel explained that they have **"been unable to**

**effectively meet the high threshold for establishing a reliable quantified measure of exposure**

**that can meet the *Daubert* standard and allow Plaintiff's claim to be adjudicated on the**

**merits by the trier of fact."**  R. Doc. 40 at 6 (emphasis added).  This Court's ruling in *Osmer*

applied the appropriate legal standard as acknowledged by Plaintiff's counsel.  If anything, this

legal standard is even more entrenched given the many DWH rulings that been issued since by

Judge Fallon and the Fifth Circuit in *Byrd*.[10]

---

[10]   *Byrd v. BP Expl. & Prod.*, 2023 WL 4046280, at *2 (5th Cir. 2023); *Briggs v. BP Expl. & Prod.*, 2023
WL 2581303 (E.D. La. Mar. 3, 2023) (Fallon, J.).  Indeed, every EDLA judge has applied the Fifth
Circuit's causation standard in these DWH cases.  *Novelozo v. BP Expl. & Prod.*, 2022 WL 1460103
(E.D. La. May 9, 2022) (Africk, J.); *Johns v. BP Expl. & Prod.*, 2022 WL 1811088 (E.D. La. June 2,
2022) (Ashe, J.); *Barkley v. BP Expl. & Prod.*, 2022 WL 2342474 (E.D. La. June 29, 2022) (Barbier,
J.); *Harrison v. BP Expl. & Prod.*, 2022 WL 2390733 (E.D. La. June 30, 2022) (Morgan, J.); *Harris v.
BP Expl. & Prod.*, 2022 WL 2789037 (E.D. La. July 15, 2022) (Vance, J.); *Barksdale v. BP Expl. &
Prod.*, 2022 WL 2789022 (E.D. La. July 15, 2022) (Zainey, J.); *Baggett v. BP Expl. & Prod.*, 2022 WL
4242521 (E.D. La. Sept. 13, 2022) (Guidry, J.); *Hill v. BP Expl. & Prod.*, 2022 WL 4534747 (E.D. La.
Sept. 28, 2022) (Vitter, J.).  This Court has already recognized these requirements.  *Richardson v. BP*

## Conclusion

For the reasons set forth above and in Defendants' prior briefing before this Court, Dr. Rybicki is Mr. Ruffin's only causation expert. Plaintiff's arguments that Dr. Clark provides causation testimony stands in contrast to the witness's sworn testimony (in this case and others) and in contrast to the four corners of Clark's report. Furthermore, the causation standard applicable here is longstanding precedent, and Plaintiff's argument that the Jones Act "featherweight" standard somehow applies simply lacks any legal support and is contrary to their prior representations.

Dated: September 18, 2023

Respectfully submitted,

/s/ *R. Keith Jarrett*
Elizabeth S. Wheeler T.A. (Bar #21148)
(ewheeler@liskow.com)
R. Keith Jarrett (Bar #16984)
(rkjarrett@liskow.com)
Charles B. Wilmore (Bar #28812)
(cbwilmore@liskow.com)
Devin C. Reid (Bar #32645)
(dcreid@liskow.com)
Jonathan J. Fox (Bar #34551)
(jjfox@liskow.com)
George G. Rochelle III (Bar #40030)
(ggrochelle@liskow.com)
Alec N. Andrade (Bar # 38659)
(aandrade@liskow.com)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

and

---

*Expl. & Prod.*, No. 19-11693, 2022 WL 2967436, at *2 (E.D. La. July 27, 2022) (Lemelle, J.); *Osmer v. BP Expl. & Prod.*, No. 19-10331, 2021 WL 4206950, at *1 (E.D. La. Sept. 16, 2021) (Lemelle, J.).

Adam J. Jagadich (Illinois Bar #6280278)
**Maron Marvel Bradley Anderson & Tardy LLC**
30 South Wacker Dr., Ste. 3920
Chicago, IL 60606
Telephone: (312) 579-2012
Email: ajagadich@maronmarvel.com

***Counsel for BP Exploration & Production Inc. and BP America Production Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by hand delivery, facsimile, electronic transmission, or United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

*/s/ R. Keith Jarrett*
R. Keith Jarrett